The law of the domicil of the owner governs the transfer and transmissionab intestato of goods. A will, therefore, made according to the forms of that domicil passes such property wheresoever it may be situated; and if proven in the courts of that country, when offered in evidence in a foreign country, proof is not gone into of the execution of the will, but only of the probate. Such foreign probate, *Page 304 
therefore, authorizes the executor to receive debts, take into his possession the property of his testator, and to do all acts appertaining to his office, except sustaining the character of an executor when he is thereus actor or plaintiff in a cause in court; this character he cannot sustain here, not for want of right, but for want of such documentary evidence of the right that the court can see upon an inspection (for the court does not, at that stage of the business, go into proof) that he is executor; he cannot, therefore, make profert of his letters testamentary, obtained in a foreign country, for want of authentic documentary evidence which our courts can recognize without proof. He must, therefore, obtain letters testamentary here. But this is not obtained by proving the will here de novo, for in that case it would be making our law, and not the law of the place where he had his domicil, the rule of decision. Our court of probate goes into evidence as to the fact of the foreign probate only, and, if satisfied of that fact, issues letters testamentary; that is, gives documentary evidence which our courts recognize as genuine. The taking out letters here is nothing more than obtaining the proof (567) necessary for the executor to sustain his real character in our courts, owing to our forms. If, therefore, the interests of the testator require it, the executor is bound to do it. It is a devastavit to omit it if thereby the estate sustains a loss. The magnitude of the debts to be sued for, the distance, the expense, are to be taken into consideration in ascertaining whether the interest of the estate requires it. But when the probate has been made in a sister State we think that the Constitution of the United States, and the law of the United States thereupon, gives to the probate, when authenticated according to the law of the United States, such an authentic form as that our courts will recognize the probate without proof, and that such probate may be proffered to the court to sustain the character of an executor. So that, take it either way, the executor has been guilty of a devastavit in not attempting to collect the debt due in South Carolina, and, therefore, there should be a new trial. In saying that goods are regulated in their transfer and transmission ab intestato by the lex loci, we do not include such property as owes its origin to the peculiar laws of any particular country, such as stock in bank and other corporate bodies. Such property is a creature of the law, and may be regulated by the will of the Legislature of that country which gives such property existence.
PER CURIAM. Reversed.
Cited: Governor v. Williams, 25 N.C. 154; Hyman v. Gaskins, 27 N.C. 271,275; Lancaster v. McBryde, ib., 423; Williams v. Williams, 79 N.C. 420;Grant v. Reese, 94 N.C. 730; Moody v. Johnson, 112 N.C. 802; Hallv. R. R., 146 N.C. 346. *Page 305 
(568)